UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Jennifer Fox,<br><br>                Plaintiff,<br>v.<br><br>ProCollect, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 4:17-cv-634-JLH |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jennifer Fox ("Plaintiff"), hereby respectfully submits this Memorandum of Law in Opposition to Defendant ProCollect, Inc.'s ("ProCollect" or "Defendant") Motion to Dismiss. (Docs. No. 3 and 4).[1]  As set forth below, Plaintiff has standing to pursue her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, *et seq.* ("AFDCPA") and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107, *et seq.* ("ADTPA"), and has alleged factual allegations sufficient to state a claim for each of her causes of action. Accordingly, Defendant's Motion to Dismiss must be denied.

**RESTATEMENT OF FACTUAL ALLEGATIONS**

ProCollect is a debt collector located in Texas. (Doc No. 1 ("Compl.") ¶ 5). Plaintiff is an adult individual residing in North Little Rock, Arkansas. (*Id.* ¶ 4). Within the year preceding the filing of the Complaint, ProCollect began calling Plaintiff in an attempt to collect a consumer

---

[1] Assuming the Court otherwise denies Defendant's motion to dismiss, Plaintiff seeks leave to amend to voluntarily dismiss her claim under 15 U.S.C. § 1692d.

debt (the "Debt") from "Dale Gray" (the "Debtor"), who Plaintiff does not know. (*Id.* ¶¶ 9, 12). Plaintiff alleges that "[o]n or about May 11, 2017, Plaintiff advised ProCollect that it had the incorrect phone number for the Debtor." (*Id.* ¶ 13). Despite being notified that the Debtor could not be reached at Plaintiff's telephone number, "ProCollect continued to call Plaintiff in an attempt to collect the Debt." (*Id.* ¶ 14). As a result of the above described conduct, Plaintiff has suffered damages. (*Id.* ¶¶ 15-16).

## ARGUMENT

**I.  Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court should review the complaint in the light most favorable to the plaintiff. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Further, in reviewing a Rule 12(b)(6) motion, the Court must *only* consider allegations on the face of the complaint, lest it convert the motion into a motion for summary judgment. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)*; Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).[2]

---

[2] Despite acknowledging that the Court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence" but instead "to assess whether the plaintiff's complaint alone is legally

## II. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure is properly used to challenge "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based. ProCollect's challenge is a facial challenge as it argues that the allegations in Plaintiff's Complaint are insufficient to plausibly show standing. "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal citation and quotation marks omitted).

## III. PLAINTIFF HAS STANDING

Plaintiff has standing to pursue her FDCPA and AFDCPA claims, even if she was not the intended recipient of Defendant's collection calls. Defendant disagrees, citing *Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-CV-11505, 2011 WL 6018403 (E.D. Mich. Nov. 7, 2011) for the proposition that a non-debtor does not have standing to bring such claims. However, *Kane* held the opposite: "non-consumers have standing to bring claims under § 1692(e)" and "[t]his conclusion is readily extended to § 1692(f) . . . ." *Kane*, 2011 WL 6018403, at *3. ("[Plaintiff] need not be a consumer to have standing under § 1692(e) *or* § 1692(f).").[3] Likewise, courts have

---

sufficient," (Doc No. 4 at p. 2) (internal citations and quotation marks omitted), Defendant nonetheless has attempted to insert its own evidence into its motion to dismiss, claiming that its calls to Plaintiff were the result of "Defendant incorrectly enter[ing] the debtor's phone number in its system off by one-digit." (Doc. No. 4 at p. 1). It also characterizes the calls it subsequently placed after being advised that it was calling the wrong person, as a mere accident. *Id.* These assertions are nowhere to be found in Plaintiff's Complaint and thus must be disregarded.

[3] The only other case ProCollect cites to in support of its contention that Plaintiff lacks standing is *Dunham v. Portfolio Recovery Assocs., LLC*, however that decision merely held that a non-consumer cannot pursue a claim under 15 U.S.C. § 1692g, which Plaintiff is not pursuing here. No. 4:09CV00086 JLH, 2011 WL 13201848, at *5 (E.D. Ark. Feb. 11, 2011), *aff'd*, 663 F.3d 997 (8th Cir. 2011). As that Court noted, "[i]t is true that certain sections of the FDCPA impose

consistently held that "[s]ection 1692d does not require that the person alleging a violation be a consumer." *Sclafani v. BC Servs., Inc.*, No. 10-61360-CIV-HUCK, 2010 WL 4116471, at *2 (S.D. Fla. Oct. 18, 2010); *see Johnson v. PMAB, LLC*, No. 3:11-CV-111, 2012 WL 1379843, at *1 (W.D.N.C. Apr. 20, 2012); *Bank v. Pentagroup Fin., LLC*, No. 08-CV-5293 JG RML, 2009 WL 1606420, at *5 (E.D.N.Y. June 9, 2009). Moreover, ProCollect has not cited, and Plaintiff has not found, any cases prohibiting non-consumers from pursuing claims under the AFDCPA. Accordingly, ProCollect's argument that the Complaint must be dismissed for lack of standing must be rejected.

## IV. THE COMPLAINT CONTAINS FACTUAL ALLEGATIONS SUFFICIENT TO STATE A CLAIM FOR RELIEF

### a. Plaintiff has stated a claim under the FDCPA

The FDCPA prohibits a debt collector from broadly "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, which encompasses "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern and substance of calls. *See Kuntz v. Rodenburg LLP*, 838 F.3d 923, 926 (8th Cir. 2016). Thus, even where "the volume of calls alone . . . is insufficient to give rise to liability," liability

---

duties on debt collectors in favor of 'any person,' and for claims brought under those sections, there is no basis in the statute for imposing a general requirement . . . that the plaintiff be the actual debtor targeted by the defendant debt collector." *Id.* at *3 (internal citations and quotation marks omitted). In fact, *Dunham* supports the proposition that non-consumers can bring claims under section 1692d, one of the FDCPA subsection Plaintiff *is* pursuing. *Id.* (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) ("Montgomery brought suit under three separate provisions of the FDCPA: 15 U.S.C. §§ 1692c, 1692d, and 1692e. Of these three sections, relief is limited to 'consumers' only under § 1692c.")).

can arise where there is a showing that "the calls were accompanied by other egregious conduct giving rise to intent to annoy, abuse, or harass," such as allegations that "the defendant continues to call the plaintiff after it has been asked to stop." *Wright v. Enhanced Recovery Co., LLC*, 227 F. Supp. 3d 1207, 1213 (D. Kan. 2016) ("Where there is some evidence that the defendant continued to call the plaintiff after being asked to stop, the question of whether the conduct constitutes an intent to harass, in violation of § 1692d(5), is one for a jury.").

Here, Plaintiff's claim is based on the volume of calls *and* the fact that Defendant continued to call Plaintiff after she advised that the Debtor could not be reached at her telephone number. (Compl. ¶¶ 13-14). These allegations are sufficient to raise an inference of an intent to annoy and harass Plaintiff, and state a claim for relief under section 1692d and d(5). *See Wright*, 227 F. Supp. 3d at 1213*; Stirling v. Genpact Servs., LLC*, No. 2:11-CV-06369-JHN, 2012 WL 952310, at *5 (C.D. Cal. Mar. 19, 2012) (characterizing "calling repeatedly after the consumer asked the debt collector to stop" as "a pattern of egregious conduct" sufficient to find liability under § 1692d(5)); *Shand-Pistilli v. Prof'l Account Servs., Inc.*, No. 10-CV-1808, 2010 WL 2978029, at *5 (E.D. Pa. July 26, 2010) (denying motion to dismiss 1692d and d(5) claims where "Plaintiff alleges 'continuous calls' to her home from a telephone number owned by defendant" and "asserts further that she asked defendant to stop contacting her but defendant refused to do so." "The law is clear that under such circumstances [the Court] may infer that the calls were made with the intent to harass or annoy.").

Nevertheless, Defendant contends Plaintiff's claim must fail because she apparently did not provide sufficient details regarding the timing or nature of the calls, "or any other details." (Doc. No. 4 at p. 5). To the contrary, allegations beyond what Plaintiff alleged in the Complaint are not required at the pleading stage. *See Mastalski v. Mercantile Adjustment Bureau, LLC*, No.

1:12 CV 1293, 2012 WL 3683537, at *2 (N.D. Ohio Aug. 24, 2012) ( "Defendant argues . . . that the Court should dismiss this claim as a matter of law because the complaint fails to allege the number, character, and frequency of calls sufficient to maintain an FDCPA claim under this particular statutory provision. The Court disagrees."); *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 853 (W.D. Tenn. 2010) ("Notwithstanding Hosto's argument that Brown's Complaint fails to state a claim on which relief may be granted because it 'fail[s] to point to any circumstances surrounding these calls that might reveal an intent to annoy, abuse, or harass her' (Def.'s Br. 6), the frequency and nature of these calls provide plausible grounds to infer that Hosto's intent was to annoy, abuse, or harass Brown.") (denying motion to dismiss).

In short, Plaintiff's allegations – that ProCollect continued to call her regarding another individual after she explicitly advised it that it had the wrong number and the person it sought to speak with could not be reached at her number – are sufficient to plausibly allege a violation of section 1692d and d(5) of the FDCPA.

    b. *Plaintiff has stated a claim under the AFDCPA*

For the same reasons that the Complaint states a claim under 1692d and d(5), the Complaint states a claim for relief under section 17-24-505b(5) of the AFDCPA, which, like section 1692d(5), prohibits "Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number." A.C.A. § 17-24-505b(5). Indeed, Defendant treats the two sections as the same, and jointly argues for their dismissal on the same grounds. (Doc. No. 4 at p. 5). Courts have likewise acknowledged that the FDCPA and AFDCPA largely mirror one another and thus can be treated the same. *See In re Humes*, 468 B.R. 346, 353 n.4 (Bankr. E.D. Ark. 2011) ("For all purposes relevant to the determination of this matter, the provisions of the FDCPA and the

AFDCPA are identical. Thus, the Court's rulings on the Motion for Summary Judgment with regard to the Plaintiff's FDCPA claims apply equally to the Plaintiff's corollary AFDCPA claims.").

Moreover, with respect to Plaintiff's claim under A.C.A. § 17-24-503(3), which prohibits a debt collector from communicating with a person other than a consumer more than once to acquire location information about the consumer, Defendant argues the claim must be dismissed because "Plaintiff makes no allegation the Defendant sought to acquire location information for the debtor from Plaintiff." (Doc. No. 4 at p. 4). To the contrary, the Complaint alleges that ProCollect communicated more than once with Plaintiff regarding another consumer, and that ProCollect's calls were in connection with its attempts to collect a debt from the consumer. (Compl. ¶¶ 12-14). While the Complaint does not contain a detailed transcript of those respective conversations, it is plausible that the purpose of the calls was, at least in part, to seek location information regarding the Debtor's whereabouts. Thus, ProCollect's motion to dismiss must be denied and this claim should be permitted to proceed.

   *c. Plaintiff has stated a claim under the Arkansas Deceptive Trade Practices Act*

Arkansas' Deceptive Trade Practice Act ("ADTPA") broadly prohibits "unconscionable, false, or deceptive act[s] or practice[s] in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(10). Defendant argues, without any further elaboration, that "Plaintiff provides no facts or elements to describe any claims against Defendant pursuant to the Arkansas' Deceptive Trade Practices Act and such Court [sic] must be dismissed for failure to state a claim." (Doc No. 4 at p. 5). In fact, Plaintiff incorporated paragraphs 1 through 29 of the Complaint "as though fully stated" in her Arkansas Deceptive Trade Practices Act claim. (Compl. ¶ 30). Those allegations, which describe ProCollect's persistent calls to Plaintiff after being advised it was calling a wrong

number, are sufficient to plausibly allege that ProCollect engaged in an unconscionable act or practice in business, commerce, or trade. As ProCollect has failed to explain why these allegations are insufficient to state a claim, ProCollect's motion to dismiss must be denied with respect to Plaintiff's ADTPA claim.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated: December 12, 2017            Plaintiff Jennifer Fox

By:   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Bar No.: 425027
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Email: slemberg@lemberglaw.com
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2017, a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion to Dismiss was served electronically by the U.S. District Court for the Eastern District of Arkansas Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                       */s/ Sergei Lemberg*
                                                          Sergei Lemberg, Esq.