IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER FOX,                           §
                                        §
      *Plaintiff,*                      §
                                        §
v.                                      §          Case No. 4:17-cv-00634-JLH
                                        §
PROCOLLECT, INC.,                       §
                                        §
      *Defendant.*                      §

---

## DECLARATION OF DAVID I. GOODHART

---

1.      My name is David I. Goodhart. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I am fully competent to provide this Declaration and the foregoing statements are true and correct, and within my personal knowledge.

2.      I am the General Counsel for ProCollect, Inc., a Texas corporation (hereinafter, "ProCollect"). I am familiar with the facts and claims set forth in the litigation styled: Civil Action No. 4:17-cv-00634-JLH; *Jennifer Fox v. ProCollect, Inc.*, now pending in the United States District Court for the Eastern District of Arkansas, Western Division (hereinafter, the "lawsuit"). I am the corporate representative of ProCollect that is in charge of the lawsuit. I have been deposed in this lawsuit, and I have reviewed Plaintiff Jennifer Fox's ("Plaintiff") allegations, reviewed the Call Notes regarding this collection assignment, reviewed Plaintiff's call log from Plaintiff's telephone service provider, and am familiar with ProCollect's policies, procedures and practices, and it is part of my duties and responsibilities at ProCollect to help develop and maintain policies and procedures that are reasonably adapted to avoid any errors that could violate the Fair Debt Collection Practices Act (the "FDCPA").

3.      As this case involves a non-debtor who claims that ProCollect has violated FDCPA §§ 1692d, 1692f and Ark. Code Ann. § 17-24-505 & 507, based solely on the two calls Plaintiff received after informing ProCollect that they were calling a wrong number for the alleged debtor, the policies, practices and procedures ProCollect maintains to balance their responsibility to locate the debtor, as well as prevent unwanted calls to a number alleged orally to be a wrong number are at issue.  In this instance, ProCollect's collectors are trained to follow the following policies and procedures:

When ProCollect is verbally told (as opposed to a cease and desist in writing) that they are calling a wrong number, the collector is required to make a notation in the Call Notes that the telephone number in question is alleged to be a wrong number.  Because many alleged debtors frequently claim debts aren't theirs or allege wrong numbers to avoid collection, ProCollect does not immediately remove the number from a single alleged wrong number allegation provided orally, but requires verification of the number prior to any removal.  That verification process can include reviewing the Original Creditor's file, reviewing the Call Notes, and/or searching (skip-tracing) the alleged debtor using ProCollect's vendor's search application, TLOxp (explained below).  If the number cannot be verified, it should not be called in the future and removed from the Call Notes. If the number is verified by either the Original Creditor's documents, a TLO search or other means to verify the number, then a collector may call the subject number again to determine the veracity of the wrong number claim and seek location information for the debtor. If ProCollect is verbally told a second or subsequent time that they are pursuing a wrong number, the collector is required to insert that number in the "Hot" box where important information is stored, or to remove the number altogether from the Call Notes.

DECLARATION OF DAVID I. GOODHART

Collectors are required to review the Hot box notes before initiating any action on the subject account. If the Collector is convinced the number is incorrect (which typically occurs when the number cannot be verified) the number is to be removed. This verification process can be repeated if the number is verified as linked to the debtor, which will typically occur when a subsequent collector takes over a subject account. If another verbal allegation of wrong number is received, then, despite any independent verification, the number is to be removed. However, in that situation, the number should remain in the Hot box as a "do not call" number as another collector working the file could, in searching for contact information, obtain the same wrong number and attempt additional unwanted contact.

4.      To ensure that these policies and procedures are followed, and to ensure compliance with lawful collection practices, all debt collectors are trained and tested on the policies and procedures, including making calls in the presence of supervisors or trainers prior to making calls on their own. All collectors also receive periodic memorandums, written instructions and talk-offs sheets, as well as written policies and procedures. For the policies and procedures described above for verbal wrong number allegations, the collectors receive training and instruction. In addition, the Call Notes (and the debt collectors' associated with those Notes) are generally reviewed on a bi-weekly basis by a collection manager or supervisor. Randomly selected accounts and collectors are selected and reviewed for this purpose. To the extent that possible mistakes are made, collection managers or supervisors review such items with the debt collector to ensure that each debt collector is frequently apprised of the law and lawful debt collection methods and techniques. Finally, I periodically review emerging and existing case

law with ProCollect's outside counsel to make sure that ProCollect's policies and procedures are refreshed periodically to ensure that they are consistent with lawful debt collection practices.

5.      For new collection assignments received from a client for the collection of apartment (landlord/tenant) debt, ProCollect's administrative staff uploads the information for the alleged debtor from the rental or lease application, the lease and the final account statement which shows the amount due and alleged debtor's last known address.  That information is input into ProCollect's proprietary collection computer software program called the "Recovery System" which produces "Call Notes" to track and memorialize all contact with an account debtor and any third-party for a particular debt collection assignment.  Call Notes are the cornerstone of ProCollect's debt collection practice and are a means of harnessing all of the communications, and attempted communications, made between ProCollect and an account debtor or any third party.  Not only does this software track all contact with the account debtor, it also contains the totality of information regarding the account, so that any ProCollect debt collector may instantaneously review and become familiar with a particular account.  Regarding the information held, the Call Notes system provides an efficient means of quickly identifying whether a debt has been verified and its current outstanding balance; and assists debt collectors in determining to what extent collection activity on an account has previously occurred.  It also includes a "Hot Box" to carry important information about a particular account.

6.      A true and correct copy of ProCollect's Call Notes for the account at issue, where one of the alleged debtors is Dale Gray, Jr. (the "Debtor"), for an apartment debt account assigned to ProCollect for collection by its client, the original creditor, Barrington Hills Apartments / Maxus (the "Original Creditor") is attached hereto as Exhibit "A-1" in redacted

form to protect the confidential information about the debtors and incorporated herein by reference.

7.   On May 31, 2016, ProCollect's client, the Original Creditor, referred a debt owed by the Debtor to ProCollect for collection.   From the documents received from the Original Creditor, including the Rental Application, the contact information for the Debtor was input into ProCollect's Recovery System.   A true and correct copy of the Rental Application (redacted) is attached hereto and incorporated herein as Exhibit "A-2."   The telephone number that the Debtor expressly provided to the Original Creditor for contact was (501) xxx-9183.   *See* Exhibit "A-2." However, it appears that ProCollect mistakenly input the telephone number of (501) xxx-9182 (one digit off) into the Recovery System.

8.   Beginning July 1, 2016, ProCollect began making collection calls seeking the Debtor.   Prior to making any calls, ProCollect performed a "skip-trace" search for contact information for the Debtor using its skip-tracing vendor, TransUnion, and their information search program, TLOxp.   TLOxp is used to verify contact information for individuals using their own proprietary tools.   *See https://www.tlo.com/searches-and-reports*   The TLO search, as set out in the Call Notes, shows both numbers associated with the Debtor – (501) xxx-9183 and (501) xxx-9182.   *See* Exhibit "A-1."   As such, both numbers were included as possible contact numbers for the Debtor.

9.   For every call to the number ending in 9182, the Call Notes are not redacted and the results of each call shown on the Call Notes attached at Exhibit "A-1."   From the first call on July 1, 2016 to May 10, 2017 (approximately ten (10) months), there were just five (5) calls to that number ending in 9182.   *See* Exhibit "A-1."   There was never a live conversation resulting from such calls.   Rather a message was left on voicemail (designated as LMTC = "left message

to call"), there would be no answer (designated as NA), or the voicemail box was not set up to receive a message (VM box not set). *See* Exhibit "A-1."

10.     On May 11, 2017, a female called ProCollect from the number ending in 9182 and indicated that it was a wrong number for the Debtor, which was noted in the Call Notes by Unit 36. *See* Exhibit "A-1."  Thereafter, on May 18, 2017, a different collector, Unit 54, was working this account.  Unit 54, properly pursuant to ProCollect's policies and procedures after the allegation of a wrong number, verified the (501) xxx-9182 as a number associated with the Debtor with the TLO application before calling that number searching for the Debtor.  With no answer, a message was left on the voicemail at 9:33am. *See* Exhibit "A-1."  Four minutes later on the same date (May , ProCollect received a call from (501) xxx-9182, where a "Ms. Johnson" said that she just received a message from ProCollect for the Debtor and rudely told the collector (Unit 33) you've been calling this number for two years at "weird ass crazy ass hours" and "don't call me no fuckin' more."   A true and correct recording is being mailed pursuant to court procedures on a CD and labeled as Exhibit "A-3" to this Motion for Summary Judgment.  That collector, pursuant to proper ProCollect policies and procedures, indicated the results of the call in the Call Notes, and added a note in the "Hot" box of the Call Notes for (501) xxx-9182 DO NOT CALL WRONG NUMBER. *See* Exhibit "A-1."  I must also note that Plaintiff's allegation in the call that ProCollect had been calling for two years, and at inappropriate times is completely false.  Plaintiff subpoenaed her own call log from her service provider, Verizon, which was produced to ProCollect and matches the information set out in ProCollect's Call Notes.

11.     Thereafter, on June 8, 2017, this Account was worked by another collector, Unit 7. Again, in line with ProCollect's policies and procedures, before calling (501) xxx-9182 in

search of the Debtor, the collector verified the 9182 number as associated with Debtor before calling that number. The line was not answered, and the collector indicated an entry of "NML" standing for "no message left." While this collector followed the correct protocol for verifying a potential wrong number before calling, ProCollect's policies and procedures provide that notes in the "Hot" box should typically prevail over the normal policies and procedures. Despite the policy and procedure, this collector either felt the need to verify the wrong number by calling it, or did not follow the policy to adhere to Hot box instructions. Again, just four (4) minutes after the call on June 8, 2018, Plaintiff called ProCollect and asked for the number to be removed. *See* Exhibit "A." Following that request by Plaintiff, ProCollect never called (501) xxx-9182 again. Despite the fact calls stopped, Plaintiff sued ProCollect four months later over the two calls at issue claiming that she "suffered and continued to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment."

12.     In reviewing the Call Notes, collector making the outbound call on May 18, 2017, sought and obtained a TLO report to verify the alleged wrong number, which linked the Plaintiff's telephone number to the debtor, and satisfied ProCollect's policies and procedures before making the call to Plaintiff's number. For the collector receiving Plaintiff's inbound call on May 18, 2017, that collector likewise satisfied ProCollect's policies and procedures by confirming the wrong number and making the entry in the Hot box. For the collector making the outbound call on June 8, 2017 to Plaintiff's number, that collector also obtained verification of the number by conducting a TLO search prior to making the Call. If any deviation occurred, it was because a new collector was working the account and wanted independent verification from a person answering Plaintiff's number. To the extent that final call could constitute a violation

of the FDCPA, it would constitute a bona fide error under FDCPA §1692k(c) because of the policies and procedures in place to avoid any such violation.

13.     Plaintiff admits in her admissions, and deposition testimony, that ProCollect never attempted to collect the debt from Plaintiff.  In addition, she admits that ProCollect did not use any profane language or yelled at her.  Rather, in one of the calls she made to ProCollect, she claims that ProCollect was rude and harassing.

14.     The Call Notes indicate that ProCollect only sought to connect with the Debtor, and certainly could not benefit and did not take any actions to harass or abuse Plaintiff in violation of 1692d.   Certainly based on the call recording, call volume (as evidenced by Plaintiff's own records), ProCollect did not cause a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff and no violation of 1692d(5) or A.C.A. § 17-24-505 exists.  Likewise, ProCollect's actions do indicate any unfair or unconscionable means to collect or attempt to collect a debt in violation of 1692(f); and did not engage in behavior the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt in violation of A.C.A. § 17-24-505, particularly when Plaintiff's calls to ProCollect to request the removal of the number (where the only live conversations took place), each such call lasted less than 90 seconds based on Plaintiff's records.

15.     I am a custodian of records for ProCollect, Inc.  Attached hereto are Exhibits "A-1" through "A-3" that are business records of ProCollect, Inc.   These records are kept by ProCollect, Inc. in the regular course of business, and it was the regular course of business of ProCollect, Inc. for an employee or representative of ProCollect, Inc., with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included or to transmit information thereof to be included in such record; and the

record was made at or near the time or reasonably soon thereafter.  The records attached are the original or exact duplicates of the original.

Executed within the United States, in Dallas, Texas on December 13, 2018.

By:_____

DAVID I. GOODHART,
PROCOLLECT, INC. GENERAL COUNSEL