**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| Jennifer Fox, | :    Civil Action No.: 4:17-cv-634-JLH |
| Plaintiff, | : |
| v. | : |
| ProCollect, Inc., | : |
| Defendant. | : |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS**

**PLEASE TAKE NOTICE** that Plaintiff, Jennifer Fox, hereby responds to Defendant's First Set of Requests for Admissions.

**GENERAL RESPONSES AND OBJECTIONS**

Each and every response is made without waiver of, and with specific reservation of:

1. All objections as to competency, relevancy, materiality, privilege and admissibility of any document and the subject matter thereof as evidence for any purpose in any further proceedings in this action (including trial of this action) and in any other action;

2. The right to object to the use of any document, or the subject matter thereof, on any ground in any further proceedings in this action (including the trial of this action) and in any other action;

3. The right to object on any ground at any time to a demand or request for further documents to these or any other document requests, or discovery proceedings involving or relating to the subject matter of the requests for production herein responded to;

4. The right at any time to revise, correct, add to, supplement, or clarify any of the

responses contained herein up to and including the time of trial;

5.      The attorney-client or work product privileges.

6.      Plaintiff further objects to each demand to the extent that it seeks information in the possession, custody or control of Plaintiff.

**REQUESTS FOR ADMISSIONS**

1.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 9 of the Complaint.

**RESPONSE:** Denied.

2.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 11 of the Complaint.

**RESPONSE:** Denied.

3.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 14 of the Complaint.

**RESPONSE:** Denied.

4.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 15 of the Complaint.

**RESPONSE:** Admitted.

5.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 16 of the Complaint.

**RESPONSE:** Admitted.

6.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 18 of the Complaint.

**RESPONSE:** Denied.

7.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 19 of the Complaint.

**RESPONSE:** Denied.

8.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 20 of the Complaint.

**RESPONSE:** Denied.

9.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 22 of the Complaint.

**RESPONSE:** Denied.

10.      Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 24 of the Complaint.

**RESPONSE:** Denied.

11.     Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 25 of the Complaint.

**RESPONSE:** Denied.

12.     Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 26 of the Complaint.

**RESPONSE:** Denied.

13.     Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 27 of the Complaint.

**RESPONSE:** Denied.

14.     Jennifer Fox does not have any documents related to, or that supports, Fox's allegation in paragraph 29 of the Complaint.

**RESPONSE:** Denied.

15.     Jennifer Fox does not have any documents evidencing that she has any actual damages.

**RESPONSE:** Admitted.

16.     Jennifer Fox does not have any documents evidencing that she has suffered any emotional and/or mental anguish damages.

**RESPONSE:** Admitted.

17.     May 11, 2017 is the first instance Jennifer Fox informed ProCollect that they were calling the wrong number for Dale Gray, Jr.

**RESPONSE:** Admitted.

18.     On May 18, 2017, Jennifer Fox informed ProCollect by telephone that ProCollect was calling the wrong number.

**RESPONSE:** Admitted.

19.     On June 1, 2017, Jennifer Fox informed ProCollect by telephone that ProCollect was calling the wrong number.

**RESPONSE:** Admitted.

20.     On June 8, 2017, Jennifer Fox informed ProCollect by telephone that ProCollect was calling the wrong number.

**RESPONSE:** Admitted.

21.     Between May 11, 2017 and May 18, 2017, ProCollect called Jennifer Fox one time and left a voicemail for Dale Gray, Jr.

**RESPONSE:** Admitted.

22.     Between May 18, 2017 and June 8, 2017, ProCollect called Jennifer Fox one time and left a voicemail for Dale Gray, Jr.

**RESPONSE:** Admitted.

23.    Jennifer Fox did not provide any written request to ProCollect to stop calling telephone number (501) 353-9182.

**RESPONSE:** Admitted.

24.    ProCollect did not request that Jennifer Fox pay any debt of Dale Gray, Jr.

**RESPONSE:** Admitted.

25.    ProCollect did not attempt to collect any debt owed by Dale Gray, Jr. from Jennifer Fox.

**RESPONSE:** Plaintiff objects to this request as compound, and it is therefore denied.

26.    ProCollect has not communicated directly with Jennifer Fox after June 8, 2017.

**RESPONSE:** Admitted.

27.    ProCollect did not cause any telephone of Jennifer Fox to ring repeatedly or continuously.

**RESPONSE:** Denied.

28.    ProCollect did not verbally abuse Jennifer Fox during any telephone call or message.

**RESPONSE:** Admitted.

29.     ProCollect did not harass Jennifer Fox during any telephone call or message.

**RESPONSE:** Denied.

30.     You have not suffered any actual damages as a result of ProCollect's efforts to collect on the Account.

**RESPONSE:** Denied.

31.     Admit that you have suffered no damages as a result of any action by ProCollect.

**RESPONSE:** Denied.

32.     Admit that you are seeking only statutory damages in this case.

**RESPONSE:** Denied.

33.     Admit that you have suffered no out-of-pocket expenses as a result of any action by ProCollect.

**RESPONSE:** Admitted.

34.     Admit that you have not sought medical treatment for any of the damages alleged in the Complaint.

**RESPONSE:** Admitted.

35.     Admit that you have paid no attorney's fees in relation to this action.

**RESPONSE:** Admitted.

36.    Admit that you have paid no costs in relation to this action.

**RESPONSE:** Plaintiff admits that she has not personally paid any costs in relation to this action.

37.    Admit that you did not send a cease and desist letter to ProCollect via the United States Postal service.

**RESPONSE:** Admitted.

38.    Admit that you did not send a cease and desist letter to ProCollect via electronic mail.

**RESPONSE:** Admitted.

39.    Admit that you did not send a cease and desist letter to ProCollect via fax.

**RESPONSE:** Admitted.

40.    Admit that you have no evidence that the ProCollect willfully violated the Fair Debt Collection Practices Act.

**RESPONSE:** Denied.

41.    Admit that you have no evidence that the ProCollect willfully violated the Arkansas Fair Debt Collection Practices Act.

**RESPONSE:** Denied.

Dated: November 12, 2018

*s/ Sergei Lemberg*
Sergei Lemberg, Esq.
Lemberg Law LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

9

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on November 12, 2018, a copy of the foregoing was sent

via electronic mail and First Class mail, postage prepaid, to the parties listed below:

John W. Bowdich
BOWDICH & ASSOCIATES, PLLC
10440 N. Central Expy., Suite 1540
Dallas, Texas 75231
jbowdich@bowdichlaw.com

                                       */s/ Sergei Lemberg*
                                       Sergei Lemberg, Esq.