**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| Jennifer Fox, | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.:  4:17-cv-634-JLH |
| | : |
| v. | : |
| | : |
| ProCollect, Inc.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

| Defendant's Undisputed Material Facts | Plaintiff's Response |
|---|---|
| 1.     ProCollect sought to collect an alleged debt from alleged debtor Dale Gray ("Debtor"), who provided a contact number to the Original Creditor of (501) xxx-9183  **Evidence in Support**  Declaration of Goodhart, at Exh. A, ¶ 7; ProCollect's Call Notes at Exh. A-1, Debtor's Rental Application, Exh. A-2 | Undisputed. |
| 2.     ProCollect accidentally input Debtor's number into ProCollect's Call Notes as (501) xxx-9182, or ProCollect obtained the number (501) xxx-9182 for Debtor through its search application TLOxp.  **Evidence in Support**  Declaration of Goodhart, at Exh. A, ¶ 7-8; ProCollect's Call Notes at Exh. A-1 | Disputed.  Defendant's 30(b)(6) witness testified that ProCollect does not know how it got telephone number (501) 353-9182.  **Evidence in Support**  Goodhart Depo. Tr. 15:17-16:5. |
| 3.     ProCollect called (501) xxx-9182 only five times from July 1, 2016 to May 10, 2017. | Plaintiff objects to the use of "only" as this is a subjective characterization of the calls, not an objective fact.  Subject to the objection, |

| | |
|---|---|
| **Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 9; ProCollect's Call Notes at Exh. A-1 | undisputed that ProCollect called telephone (501) xxx-9182 five times from July 1, 2016 to May 10, 2017. |
| 4.   ProCollect never spoke to Plaintiff from July 1, 2016 to May 10, 2017.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 9; ProCollect's Call Notes at Exh. A-1 | Undisputed. |
| 5.   ProCollect did not attempt to collect the alleged debt at issue from Plaintiff.<br><br>**Evidence in Support**<br><br>RFA Response No. 24 at Exh. B**.** | Undisputed that ProCollect did not ask the Plaintiff for money however the calls made to Plaintiff were attempts by ProCollect to collect the alleged debt at issue. |
| 6.   Plaintiff called ProCollect and spoke to ProCollect for the first time on May 11, 2017 and informed ProCollect that it was calling a wrong number.<br><br>**Evidence in Support**<br><br>RFA Response No. 17 at Exh. B; Declaration of Goodhart, at Exh. A, ¶ 10; ProCollect's Call Notes at Exh. A-1; Plaintiff's phone records at Exh. C | Undisputed. |
| 7.   On May 18, 2017, a collector at ProCollect verified the (501) xxx-9182 as a number associated with Debtor on TLO, and thereafter left a message at the number seeking a return call from the Debtor.<br><br>**Evidence in Support**<br><br>RFA Response No. 21; Declaration of Goodhart, at Exh. A, ¶ 10; ProCollect's Call Notes at Exh. A-1; Plaintiff's phone records at Exh. C | Undisputed that on May 18, 2017, ProCollect placed an outbound call to (501) xxx-9182 despite being advised on May 11, 2017 that the -9182 Number is a wrong number.<br><br>Undisputed that a ProCollect collector considered the 9182 Number "verified" upon reviewing a TLO<br><br>Disputed that the number was in fact verified given that it has belonged to Plaintiff for more than seven years.  In addition, re-reviewing a TLO report – after such report already |

| | |
|---|---|
| | misidentified the 9182 Number as belonging to the Debtor – does not constitute "verification."<br><br>**Evidence in Support**<br><br>Def. Statement of Facts No. 6; Fox Depo. Tr. 9:21-10:4. |
| 8.   On May 18, 2017, Plaintiff called ProCollect from the number (501) xxx-9182 where she identified herself as "Ms. Johnson" and stated that she just received a message from ProCollect for the Debtor and rudely told the collector (Unit 33) you've been calling this number for two years at "weird ass crazy ass hours" and "don't call me no fuckin' more."<br><br>**Evidence in Support**<br><br>RFA Response No. 18; Declaration of Goodhart, at Exh. A, ¶ 10; ProCollect's Call Notes at Exh. A-1, Recording at Exh. A-3; Plaintiff's phone records at Exh. C | Undisputed that on May 18, 2017, upon receiving a call from ProCollect earlier that day, Plaintiff placed an outbound call to ProCollect and asked it, once again, to stop calling her.  Specifically, Plaintiff began the call by saying she was calling to have her number removed from ProCollect's calling list. She stated that she does not know anyone associated with Dale Gray, the individual ProCollect sought to contact.  During the call ProCollect asked Plaintiff to verify which number it was calling and Plaintiff confirmed it was the -9182 Number.  Further, ProCollect claimed during the call that another ProCollect employee had already taken Plaintiff's number out of its system.<br><br>Plaintiff disputes ProCollect's characterization of Plaintiff's request as "rudely"; this is not an objective fact.<br><br>**Evidence in Support**<br><br>Recording at Def. Exh. A-3. |
| 9.   As a result of Plaintiff's call to ProCollect on May 18, 2017, ProCollect informed Plaintiff the number would be removed and placed a do not call (501) xxx-9182 note in the Call Notes.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 10; ProCollect's Call Notes at Exh. A-1 | Undisputed that ProCollect notated "DO NOT CALL" next to the -9182 Number on May 18, 2017.<br><br>Disputed that "ProCollect informed Plaintiff the number would be removed."  Instead, ProCollect advised that the number had already been removed from its system; ProCollect stated "it looks like the lady that you talked to, it looks like she did take your number of the system." |

3

| | **Evidence in Support** |
|---|---|
| | ProCollect's Call Notes; Recording at Def. Exh. A-3. |
| 10.    On June 8, 2017, a collector at ProCollect verified the (501) xxx-9182 as a number associated with Debtor on TLO, and called that number without leaving a message.<br><br>**Evidence in Support**<br><br>RFA Response No. 22; Declaration of Goodhart, at Exh. A, ¶ 11; ProCollect's Call Notes at Exh. A-1; Plaintiff's phone records at Exh. C | Undisputed that ProCollect placed an outbound telephone call to the -9182 Number on June 8, 2017.<br><br>Disputed that the number was in fact verified given that it has belonged to Plaintiff for more than seven years.  In addition, re-reviewing a TLO report – after such report already misidentified the 9182 Number as belonging to the Debtor – does not constitute "verification."<br><br>**Evidence in Support**<br><br>ProCollect's Call Notes; Fox Depo. Tr. 9:21-10:4. |
| 11.  On June 8, 2017, Plaintiff called ProCollect from the number (501) xxx-9182 where she requested that such number be removed from ProCollect's system as a wrong number.<br><br>**Evidence in Support**<br><br>RFA Response No. 20; Declaration of Goodhart, at Exh. A, ¶ 11; ProCollect's Call Notes at Exh. A-1, Plaintiff's phone records at Exh. C. | Undisputed. |
| 12.    Following June 8, 2017, ProCollect has not contacted Plaintiff.<br><br>**Evidence in Support**<br><br>RFA Response No. 26; Declaration of Goodhart, at Exh. A, ¶ 11; ProCollect's Call Notes at Exh. A-1. | Undisputed. |
| 13.    ProCollect maintains policies and procedures reasonably adapted to avoid FDCPA violations resulting from calls to | Plaintiff objects to this as it is a legal argument, not an objective fact.  As set forth in Section V(c) of Plaintiff's memorandum, ProCollect's policies |

non-debtors alleging wrong numbers. Specifically, ProCollect's policies and procedures for such situation include:

When ProCollect is verbally told (as opposed to a cease and desist in writing) that they are calling a wrong number, the collector is required to make a notation in the Call Notes that the telephone number in question is alleged to be a wrong number. Because many alleged debtors frequently claim debts aren't theirs or allege wrong numbers to avoid collection, ProCollect does not immediately remove the number from a single alleged wrong number allegation provided orally, but requires verification of the number prior to any removal. That verification process can include reviewing the Original Creditor's file, reviewing the Call Notes, and/or searching (skip-tracing) the alleged debtor using ProCollect's vendor's search application, TLOxp (explained below). If the number cannot be verified, it should not be called in the future and removed from the Call Notes. If the number is verified by either the Original Creditor's documents, a TLO search or other means to verify the number, then a collector may call the subject number again to determine the veracity of the wrong number claim and seek location information for the debtor. If ProCollect is verbally told a second or subsequent time that they are pursuing a wrong number, the collector is required to insert that number in the "Hot" box where important information is stored, or to remove the number altogether from the Call Notes. Collectors are required to review the Hot box notes before initiating any action on the subject account. If the Collector is convinced the number is incorrect (which typically occurs when the number cannot be verified) the number is to be removed. This verification process can be repeated if the number is verified as

and procedures are not reasonably adapted to avoid FDCPA violations because they specifically encourage collectors to continue calling known wrong number after being asked not to, and direct collectors to "verify" numbers with the same pieces of information that already misidentified the owner of the number in the first place.

**Evidence in Support**

Declaration of Goodhart, at Exh. A, ¶ 3.

5

| | |
|---|---|
| linked to the debtor, which will typically occur when a subsequent collector takes over a subject account. If another verbal allegation of wrong number is received, then, despite any independent verification, the number is to be removed. However, in that situation, the number should remain in the Hot box as a "do not call" number as another collector working the file could, in searching for contact information, obtain the same wrong number and attempt additional unwanted contact.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 3. | |
| 14. ProCollect has measures to ensure that its collectors are trained on the policies and procedures and that they are followed, including:<br><br>To ensure that these policies and procedures are followed, and to ensure compliance with lawful collection practices, all debt collectors are trained and tested on the policies and procedures, including making calls in the presence of supervisors or trainers prior to making calls on their own. All collectors also receive periodic memorandums, written instructions and talk-offs sheets, as well as written policies and procedures.<br>For the policies and procedures described above for verbal wrong number allegations, the collectors receive training and instruction. In addition, the Call Notes (and the debt collectors' associated with those Notes) are generally reviewed on a bi-weekly basis by a collection manager or supervisor. Randomly selected accounts and collectors are selected and reviewed for this purpose. To the extent that possible mistakes are made, collection managers or supervisors review such items with the debt collector to ensure that each debt collector | Disputed to the extent that ProCollect references the existence of its written policies, given that ProCollect has not produced such written policies to Plaintiff and its 30(b)(6) witness (the same witness whose declaration ProCollect relies on for this fact) testified that he had not seen the written policies.<br><br>Further disputed as ProCollect does not identify any polices or procedures (written or otherwise) reasonably adapted to avoid the violation of law at issue here.<br><br>**Evidence in Support**<br><br>Goodhart Depo. Tr.  30:19-31:3. |

6

| | |
|---|---|
| is frequently apprised of the law and lawful debt collection methods and techniques. Finally, I periodically review emerging and existing case law with ProCollect's outside counsel to make sure that ProCollect's policies and procedures are refreshed periodically to ensure that they are consistent with lawful debt collection practices.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 4. | |
| 15.   For new collection assignments received from a client for the collection of apartment (landlord/tenant) debt, ProCollect's administrative staff uploads the information for the alleged debtor from the rental or lease application, the lease and the final account statement which shows the amount due and alleged debtor's last known address. That information is input into ProCollect's proprietary collection computer software program called the "Recovery System" which produces "Call Notes" to track and memorialize all contact with an account debtor and any third-party for a particular debt collection assignment. Call Notes are the cornerstone of ProCollect's debt collection practice and are a means of harnessing all of the communications, and attempted communications, made between ProCollect and an account debtor or any third party. Not only does this software track all contact with the account debtor, it also contains the totality of information regarding the account, so that any ProCollect debt collector may instantaneously review and become familiar with a particular account. Regarding the information held, the Call Notes system provides an efficient means of quickly identifying whether a debt has been verified and its current | Undisputed. |

7

| | |
|---|---|
| outstanding balance; and assists debt collectors in determining to what extent collection activity on an account has previously occurred. It also includes a "Hot Box" to carry important information about a particular account.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 5 | |
| 16. A true and correct copy of ProCollect's Call Notes for the account at issue, where one of the alleged debtors is Dale Gray, Jr. (the "Debtor"), for an apartment debt account assigned to ProCollect for collection by its client, the original creditor, Barrington Hills Apartments / Maxus (the "Original Creditor") is attached hereto as Exhibit "A-1" in redacted form to protect the confidential information about the debtors and incorporated herein by reference.<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 6 | Undisputed that these are the call notes. Disputed that the unilateral redactions which are altering a relevant document from the Court and public record relate only to Dale Gray. ProCollect has made no showing to Plaintiff or the Court that its unilateral redactions concern only irrelevant information about a third party. |
| 17.    On May 31, 2016, ProCollect's client, the Original Creditor, referred a debt owed by the Debtor to ProCollect for collection. From the documents received from the Original Creditor, including the Rental Application, the contact information for the Debtor was input into ProCollect's Recovery System. A true and correct copy of the Rental Application (redacted) is attached hereto and incorporated herein as Exhibit "A-2." The telephone number that the Debtor expressly provided to the Original Creditor for contact was (501) xxx-9183. See Exhibit "A-2." However, it appears that ProCollect mistakenly input the telephone number of (501) xxx-9182 (one digit off) into the Recovery System. | Undisputed aside from ProCollect's contention that "it appears that ProCollect mistakenly input the telephone number of (501) xxx-9182 (one digit off) into the Recovery System." It is entirely unclear how ProCollect obtained the 9182 Number; Defendant's 30(b)(6) witness testified that ProCollect does not know how it got the number.<br><br>**Evidence in Support**<br><br>Goodhart Depo. Tr. 15:17-16:5. |

| | |
|---|---|
| **Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 8; Call Notes at Exh. A-1, Rental Application at Exh. A-2. | |
| 18. Beginning July 1, 2016, ProCollect began making collection calls seeking the Debtor. Prior to making any calls, ProCollect performed a "skip-trace" search for contact information for the Debtor using its skip-tracing vendor, TransUnion, and their information search program, TLOxp. TLOxp is used to verify contact information for individuals using their own proprietary tools. See https://www.tlo.com/searches-and-reports The TLO search, as set out in the Call Notes, shows both numbers associated with the Debtor – (501) xxx-9183 and (501) xxx-9182. See Exhibit "A-1." As such, both numbers were included as possible contact numbers for the Debtor.<br><br>**Evidence in Support**<br><br>Declaration of Bob Keith ¶ 23; **Exh. 7.** | Undisputed. |
| 19.    For every call to the number ending in 9182, the Call Notes are not redacted and the results of each call shown on the Call Notes attached at Exhibit "A-1." From the first call on July 1, 2016 to May 10, 2017 (approximately ten (10) months), there were just five (5) calls to that number ending in 9182. See Exhibit "A-1." There was never a live conversation resulting from such calls. Rather a message was left on voicemail (designated as LMTC = "left message to call"), there would be no answer (designated as NA), or the voicemail box was not set up to receive a message (VM box not set). See Exhibit "A-1."<br><br>**Evidence in Support** | Undisputed. |

9

| | |
|---|---|
| Declaration of Goodhart, at Exh. A, ¶ 9; Call Notes at Exh. A-1. | |
| 20.  On May 11, 2017, a female called ProCollect from the number ending in 9182 and indicated that it was a wrong number for the Debtor, which was noted in the Call Notes by Unit 36. See Exhibit "A-1." Thereafter, on May 18, 2017, a different collector, Unit 54, was working this account. Unit 54, properly pursuant to ProCollect's policies and procedures after the allegation of a wrong number, verified the (501) xxx-9182 as a number associated with the Debtor with the TLO application before calling that number searching for the Debtor. With no answer, a message was left on the voicemail at 9:33am. See Exhibit "A-1." Four minutes later on the same date (May , ProCollect received a call from (501) xxx-9182, where a "Ms. Johnson" said that she just received a message from ProCollect for the Debtor and rudely told the collector (Unit 33) you've been calling this number for two years at "weird ass crazy ass hours" and "don't call me no fuckin' more." A true and correct recording is being mailed pursuant to court procedures on a CD and labeled as Exhibit "A-3" to this Motion for Summary Judgment. That collector, pursuant to proper ProCollect policies and procedures, indicated the results of the call in the Call Notes, and added a note in the "Hot" box of the Call Notes for (501) xxx-9182 DO NOT CALL WRONG NUMBER. See Exhibit "A-1." I must also note that Plaintiff's allegation in the call that ProCollect had been calling for two years, and at inappropriate times is completely false. Plaintiff subpoenaed her own call log from her service provider, Verizon, which was produced to ProCollect and matches the information set out in ProCollect's Call Notes. | As an initial matter, Plaintiff objects to this as it is not a "short and concise" material fact; it is a long narrative containing multiple facts along with Defendant's characterization of the facts.<br><br>Undisputed that on May 11, 2017, Plaintiff called ProCollect and advised it that it was calling the wrong number and asked it to stop calling her.<br><br>Undisputed that Plaintiff's May 11, 2017 notification that the 9182 Number was a wrong number was notated in ProCollect's account notes.<br><br>Undisputed that on May 18, 2017, after receiving another call from ProCollect earlier that day, Plaintiff placed an outbound call to ProCollect and asked it, once again, to stop calling her. Specifically, Plaintiff began the call by saying she was calling to have her number removed from ProCollect's calling list. She stated that she does not know anyone associated with Dale Gray, the individual ProCollect sought to contact. During the call ProCollect asked Plaintiff to verify which number it was calling and Plaintiff confirmed it was the -9182 Number.<br><br>Undisputed that following the above call, the following note appeared in the Collection Notes: "CLR UPSET THAT WE CLD HER INFORMED CLR THAT # HAS BEEN REMOVED FROM OUR SYSTEM. PUT # IN HOT BOX DO NOT CALL."<br><br>Disputed that on May 18, 2017 – after Plaintiff had already advised ProCollect that the -9182 Number belonged to her – that ProCollect "verified the (501) xxx-9182 as a number associated with the Debtor with the TLO application before calling that number searching for the Debtor," given that the number has belonged to Plaintiff for more than seven years. |

| | In addition, re-reviewing a TLO report – after such report already misidentified the 9182 Number as belonging to the Debtor – does not constitute "verification." |
|---|---|
| **Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ 10; Call Notes at Exh. A-1. | **Evidence in Support**<br><br>Depo. Tr. 9:21-10:4; Recording at Def. Exh. A-3; Def. Call Notes. |
| 21.    Thereafter, on June 8, 2017, this Account was worked by another collector, Unit 7. Again, in line with ProCollect's policies and procedures, before calling (501) xxx-9182 in search of the Debtor, the collector verified the 9182 number as associated with Debtor before calling that number. The line was not answered, and the collector indicated an entry of "NML" standing for "no message left." While this collector followed the correct protocol for verifying a potential wrong number before calling, ProCollect's policies and procedures provide that notes in the "Hot" box should typically prevail over the normal policies and procedures. Despite the policy and procedure, this collector either felt the need to verify the wrong number by calling it, or did not follow the policy to adhere to Hot box instructions. Again, just four (4) minutes after the call on June 8, 2018, Plaintiff called ProCollect and asked for the number to be removed. See Exhibit "A." Following that request by Plaintiff, ProCollect never called (501) xxx-9182 again. Despite the fact calls stopped, Plaintiff sued ProCollect four months later over the two calls at issue claiming that she "suffered and continued to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment."<br><br>**Evidence in Support**<br><br>Declaration of Goodhart, at Exh. A, ¶ | As an initial matter, Plaintiff objects to this as it is not a "short and concise" material fact; it is a long narrative containing multiple facts along with Defendant's characterization of the facts.<br><br>Undisputed that after being advised on May 11, 2017 and again on May 18, 2017 that the -9182 Number belongs to Plaintiff, ProCollect nonetheless placed an outbound call to Plaintiff on June 8, 2017.<br><br>Disputed that "the collector verified the 9182 number as associated with Debtor before calling that number," given that the number has belonged to Plaintiff for more than seven years.<br><br>Disputed that "this collector followed the correct protocol for verifying a potential wrong number before calling" given ProCollect's testimony that "in a perfect world maybe the final call -- the final call that was on 6/8, I think perhaps in a perfect world the debt collector having the number in the hot box may not have called."<br><br>**Evidence in Support**<br><br>Def. Call Notes; Goodhart Depo. Tr.  33:9-21; Depo. Tr. 9:21-10:4. |

| | |
|---|---|
| 11; Call Notes at Exh. A-1. | |
| 22.    In reviewing the Call Notes, collector making the outbound call on May 18, 2017, sought and obtained a TLO report to verify the alleged wrong number, which linked the Plaintiff's telephone number to the debtor, and satisfied ProCollect's policies and procedures before making the call to Plaintiff's number. For the collector receiving Plaintiff's inbound call on May 18, 2017, that collector likewise satisfied ProCollect's policies and procedures by confirming the wrong number and making the entry in the Hot box. For the collector making the outbound call on June 8, 2017 to Plaintiff's number, that collector also obtained verification of the number by conducting a TLO search prior to making the Call. If any deviation occurred, it was because a new collector was working the account and wanted independent verification from a person answering Plaintiff's number. To the extent that final call could constitute a violation of the FDCPA, it would constitute a bona fide error under FDCPA §1692k(c) because of the policies and procedures in place to avoid any such violation. **Evidence in Support** Declaration of Goodhart, at Exh. A, ¶ 9; Call Notes at Exh. A-1. | Plaintiff objects to this as it is not a "short and concise" material fact; it is a long narrative containing multiple facts as well as a number of characterizations of facts and legal arguments that are not facts. Subject to the objections, undisputed that collectors purportedly followed ProCollect's procedures which were inadequate and resulted in ProCollect continuing to call a non-debtor after she had advised ProCollect on two separate occasions that she was being called in error. |
| 23.    Plaintiff admits in her admissions, and deposition testimony, that ProCollect never attempted to collect the debt from Plaintiff. In addition, she admits that ProCollect did not use any profane language or yelled at her. Rather, in one of the calls she made to ProCollect, she claims that ProCollect was rude and harassing. **Evidence in Support** | Disputed to the extent this fact characterizes deposition testimony without citing to it. Undisputed that Plaintiff does not owe a debt to ProCollect and that ProCollect's calls to Plaintiff were attempts to collect a debt from a third-party. **Evidence in Support** Def. Call Notes; Goodhart Depo. Tr.  29:1-4 |

12

| | |
|---|---|
| RFA Responses 24 and 28 at Exh. B; Declaration of Goodhart, at Exh. A, ¶ 13. | |
| 24.  The Call Notes indicate that ProCollect only sought to connect with the Debtor, and certainly could not benefit and did not take any actions to harass or abuse Plaintiff in violation of 1692d. Certainly based on the call recording, call volume (as evidenced by Plaintiff's own records), ProCollect did not cause a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff and no violation of 1692d(5) or A.C.A. § 17-24-505 exists. Likewise, ProCollect's actions do indicate any unfair or unconscionable means to collect or attempt to collect a debt in violation of 1692(f); and did not engage in behavior the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the collection of a debt in violation of A.C.A. § 17-24-505, particularly when Plaintiff's calls to ProCollect to request the removal of the number (where the only live conversations took place), each such call lasted less than 90 seconds based on Plaintiff's records.  **Evidence in Support**  Declaration of Goodhart, at Exh. A, ¶ 13 | Plaintiff objects to this as it is not a "short and concise" material fact; it is a number of legal arguments that are not facts. |

Dated: January 4, 2019                    Plaintiff Jennifer Fox

By:    */s/ Sergei Lemberg*
        Sergei Lemberg
        LEMBERG LAW, LLC
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        *Attorneys for Plaintiff*

13